UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DR. JOHN SCHIEFELBEIN and MRS. MEGAN SCHIEFELBEIN, husband and wife and the marital community composed thereof,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CERTAINTEED GYPSUM CANADA, INC. a successor in interest to Les Industries Westroc; and SAINT-GOBAIN CORPORATION, as successors in interest to Les Industries Westroc,<br><br>　　　　　　　　Defendants. | NO: CV-12-400-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

　　This matter comes before the Court on a motion for a protective order, ECF No. 4, by Defendants Certainteed Gypsum Canada, Inc., Saint-Gobain Corporation, and Les Industries Westroc (collectively, "Defendants"), to govern the remediation efforts of Plaintiffs John and Megan Schiefelbein on the house that

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 1

forms part of the subject matter of this case.  The Court heard telephonic oral argument on the motion on July 5, 2012.  The Court has further reviewed the parties' filings regarding the motion, the remaining record in this case, applicable law, and is fully informed.

     Plaintiffs are pursuing a products liability claim against Defendants on the basis of allegedly defective and corrosive drywall.  Defendants already have inspected the house and taken some samples of drywall and other materials from the house but seek to secure additional samples in the course of Defendants' investigation in preparation for trial and/or potential settlement discussions.  Meanwhile, Plaintiffs are engaging a contractor to remove and destroy much of the drywall as part of a large-scale effort to restore the house to a condition that Plaintiffs consider to be habitable.  By the time Defendants filed their reply and participated in oral argument on the present motion, Defendants no longer seek to halt the demolition and repair work on Plaintiffs' house.  Rather, Defendants seek an imposition of conditions on the work to preserve an opportunity for Defendants to gather samples from the house at certain steps in the construction process and document the materials that are removed.  *See* ECF No. 26.

     The parties are already under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence. *Leon v. IDX Sys.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 2

*Corp.*, 464 F.3d 951, 959 (9th Cir.2006). The parties agree that the material for which Defendants seek protection is relevant.

The Court may enter an order for the preservation of evidence on the motion of a party. In considering such a motion, other district courts, both in the Ninth Circuit and across the country, have adopted a balancing test and weighed: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.
*Jacobs v. Scribner*, 2007 WL 1994235 at *1 (E.D.Cal. July 5, 2007) (citing *Daniel v. Coleman Co., Inc.*, 2007 WL 1463102 at *2 (W.D.Wash. May 17, 2007) (citing *Capricorn Power Company, Inc. v. Siemens Westinghouse Power Corporation*, 220 F.R.D. 429, 433-34 (2004)).

The first two factors of this balancing test weigh in favor of Defendants in light of Plaintiffs' acknowledgement that the sheetrock will be destroyed early in what Plaintiffs characterize as their remediation process. The Court finds that these two factors support the imposition of terms to assure that Defendants may

engage the professionals of their choice to collect and catalogue materials at issue in this lawsuit before those materials are destroyed.

However, the third consideration weighs rather in Plaintiffs' favor, as Plaintiffs legitimately seek to complete the construction of their house in a timely, efficient, and economical manner. In addition, Defendants concede that Plaintiffs previously have made the evidence available to Defendants and continue to allow Defendants access to Plaintiffs' house, examine the evidence, and obtain samples of the evidence.  This factor supports limiting the extent to which Defendants may compel Plaintiffs to accommodate the schedule and work pace of Defendants' selected corrosion expert, Ockert van der Schijff.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART**, Defendants' motion for a protective order, **ECF No. 4**, as follows:

1. As agreed by the parties on approximately July 3, 2012, Plaintiffs shall not remove drywall prior to July 23, 2012.
2. Plaintiffs and, by extension, their contractor, shall permit and cooperate with Defendants' chosen expert, Mr. van der Schijff, or other consultants under Mr. van der Schijff's guidance, to:
   a. Observe removal of drywall from interior walls, which must be completed in some systematic, orderly manner, such as marking

      the drywall sheets to indicate the room from which they were removed;

  b. Inspect and document (through photography, video, or the like) the back side of each removed drywall sheet for identification markings;

  c. Collect approximately 12″ x 18″ samples of drywall, if deemed necessary;

  d. Inspect and document electrical wiring and copper piping inside wall cavities after they have been exposed by the removal of drywall.

  e. Collect samples of copper piping;

  f. Inspect, document, and sample any other components that will be replaced due to alleged damage;

3. All of the observation, collection, and documentation allowed in Paragraph 2 shall occur with deference to Plaintiffs' contractor's schedule and priorities, meaning that should Mr. van der Schijff not be able to keep up with the contractor, Defendants must arrange for additional help to take the samples and conduct the preservation work under Mr. van der Schijff's direction.

4. Plaintiffs shall provide a written rough estimate of the demolition schedule to Defendants within **seven (7) days of this order**.

5. All parties must adhere in good faith to the above conditions.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of July 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER ~ 6